IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAKE DURAN,

    Plaintiff,

vs.                                           No. CV 15-665 LH/WPL

NEW MEXICO CORRECTIONS DEPT. and
CORIZON MEDICAL SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Jake Duran's Civil Complaint Pursuant to 42 USC § 1983. (Doc. 1) ("Complaint"). Also before the Court are Plaintiff Duran's Motion for Public Trial (Doc. 12), Motion for Order Requesting Response (Doc. 17), and Motion for Default Judgment (Doc. 19). For the reasons set out, below, the Court will dismiss the claims in Duran's Complaint with leave to amend. The Court will also deny the three motions as moot.

Duran is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109

(10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In reviewing Duran's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Duran's Complaint names New Mexico Corrections Department and Corizon Medical Services as defendants.  Although not identified in the caption, the allegations of the Complaint also identify Secretary of Corrections Gregg Marcantel as a defendant.   (Doc. 1, at 2). All three are sued "individually and in their official capacity." (Doc. 1 at 2). However, the Complaint is devoid of any factual allegations of individualized conduct.  Instead, the Complaint refers to "Corizon Medical Services" and "Defendants" and makes generalized, formulaic, allegations of deliberate indifference to serious medical needs in violation of Duran's 8th Amendment rights. (Doc. 1 at 2-6).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has

violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of any act or omission by Secretary Marcantel, the only individual named as a defendant, nor does it contain allegations that conduct by Secretary Marcantel resulted in deprivation of a constitutional right. The mere naming of Secretary Marcantel as a Defendant, without any allegations of personal involvement by him, is insufficient to state a claim upon which relief can be granted against him. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Duran's formulaic recitations that Defendants were deliberately indifferent to his medical needs are not sufficient to state a plausible claim. *Twombly,* 550 U.S. at 570.

Last, the New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico, as are the claims against Secretary Marcantel in his official capacity. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Therefore, the claims against the New Mexico Corrections Department and the official capacity claims against Gregg Marcantel will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

The Complaint fails to state a claim for relief against any named Defendant. *Twombly,* 550 U.S. at 570. The Court will dismiss the claims against all Defendants and will grant Duran the opportunity to file an amended complaint specifying individuals and the individualized actions that he claims resulted in violation of a constitutional right. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).

IT IS ORDERED: (1) Duran's Motion for Public Trial (Doc. 12), Motion for Order Requesting Response (Doc. 17), and Motion for Default Judgment (Doc. 19) are DENIED as moot; (2) the claims against the New Mexico Corrections Department and the official capacity claims against Gregg Marcantel are DISMISSED with prejudice; (3) all remaining claims against Defendants Corizon Medical Services and Gregg Marcantel in his individual capacity are DISMISSED without prejudice for failure to state a claim upon which relief can be granted; and (4) Plaintiff Duran is granted leave to file an amended complaint within 30 days of entry of this Order. If an amended complaint, identifying specific individual defendants and individualized actions that allegedly violated Duran's constitutional rights, is not filed within 30 days, the Court may dismiss this action with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE