IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAKE DURAN,

    Plaintiff,

v.                                    No. CV 15-665 LH/WPL

NEW MEXICO CORRECTIONS DEPT. and
CORIZON MEDICAL SERVICES,

    Defendants.

ORDER EXTENDING TIME TO AMEND

      THIS MATTER is before the Court on Plaintiff Jake Duran's Motion Requesting to Amend Case (Doc. 21) and Motion Requesting Clarification (Doc. 22).  The Court will construe the Motions as a request for extension of time to file an amended complaint and will grant the Motions.

      The Court entered its Memorandum Opinion and Order dismissing Duran's Complaint, without prejudice, for failure to state a claim upon which relief can be granted.  (Doc. 20).  The Court's Memorandum Opinion and Order also granted Duran leave to file an amended complaint within thirty days of entry of the order.  Last, the Memorandum Opinion and Order denied several pending motions that had been filed by Duran on the grounds that the motions were moot in light of the dismissal of the Complaint.

      On February 29, 2016, Duran filed a Motion for Clarification (Doc. 22) and a Motion Requesting to Amend Case, asking the Court "to grant Plaintiff a chance to amend parts of his case to correct and lay out facts of his claims and to fix caption."  (Doc. 21).  Because the

1

Court's Memorandum Opinion and Order granted Duran leave to amend his Complaint, the Court will construe his Motions as a request for additional time and will grant Duran an additional fourteen (14) days, to April 6, 2016, to file an amended complaint.  The amended complaint must identify specific individual defendants and set out factual allegations regarding what those individuals did that allegedly violated Duran's constitutional rights. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (a civil rights complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her").  For a claim against a private medical contractor, Duran must allege not only that employees deprived him of a constitutional right, but that a custom or policy of the private medical contractor was the moving force behind the constitutional deprivation.  *Myers v. Okla. Cnty. Bd. Of County Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998).

　　　　IT IS ORDERED that Duran's Motion Requesting to Amend Case (Doc. 21) and Motion Requesting Clarification (Doc. 22) are construed as a request for extension of time and are GRANTED.  Duran will have until April 6, 2016 in which to file an amended complaint.  The amended complaint must identify specific individual defendants and set out factual allegations of what those individuals did that allegedly violated Duran's constitutional rights.  Duran is notified that no further extensions of time will be granted and, if an amended complaint is not filed by April 6, 2016, the Court may dismiss this action without further notice.

　　　　　　　　　　　　　　　　　　　　_William P. Lynch_
　　　　　　　　　　　　　　　　　　　　William P. Lynch
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge