IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAKE DURAN,

     Plaintiff,

vs.                                      No. CV 15-665 LH/WPL

GREGG MARCANTEL, DIRECTOR FOR
CORRECTIONS; MR. DOUGLAS, ADMINISTRATOR;
MS. BIRDSONG, MEDICAL DOCTOR,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the amended Complaint filed by Plaintiff Jake Duran on April 4, 2016. (Doc. 24). Also before the Court are Plaintiff Duran's Motion for Appointment of Counsel (Doc. 25) and Plaintiff's First Request for Production of Documents. (Doc. 26). The Court will dismiss the amended Complaint for failure to state a claim on which relief can be granted.

### *A.  Standards for Failure to State a Claim*

Plaintiff Duran is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th

Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d at1520-21. However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to

support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### ***B. Duran's Complaint and Amended Complaint Fail to State a Claim***

The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). The law is clear that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Elementary principles of dignity, civility, humanity, and decency establish the government's obligation to provide medical care for those whom it is punishing by incarceration.

An inmate must rely on prison authorities to treat his or her medical needs and if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the immediate concern to the drafters of the Eighth Amendment. In less serious cases, denial of medical care may result in pain and suffering which would serve no penological purpose. *Estelle.* 429 U.S. at 103.

An Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. *Mata*, 427 F.3d at 753. With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d

1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45, 114 S.Ct. 1970). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. *Howard*, 534 F.3d at 1239–40.

Consequently, accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002).

The factual allegations in the record show that Plaintiff Duran suffers from serious medical conditions, including hypertension, cardiac history, back pain, arthritis, a bulging disc, and pain and numbness into his leg, which have been diagnosed by a physician as mandating treatment. *See* Doc. 1 at 24; Doc. 24 at 3.  Therefore, for purposes of rule 12(b)(6), the amended Complaint sufficiently alleges the objective component of Plaintiff Duran's Eighth Amendment claim.   *Ramos v. Lamm,* 639 F.2d at 575.

Duran's claims, however, fail on the second, subjective component.   Plaintiff Duran repeatedly asserts that Defendants Marcantel, Douglas, and Birdsong have been deliberately indifferent to his serious medical needs.  Duran alleges:

> "Doctor Birdsong, Medical Administrator, Mr. Douglas, and Mr.
> Marcantel, Prison Director and all nurses directly participated

> in my serious medical need to stop my treatment for my pain and
> suffering after being diagnosed by professional medical doctors,
> each person above learned of my serious medical need and has
> failed to treat my serious medical need, making them to be in
> violation of my rights. These Defendants are and has created a
> policy or custom allowing or encouraging the illegal medical acts."

(Doc. 24 at 5). Other than making general contentions that the Defendants have failed to treat or have stopped treating his serious medical condition, Plaintiff Duran sets out no specific factual allegations of individual conduct. The amended Complaint does not make clear exactly who is alleged to have done what to whom, or provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Elsewhere in the record, however, Duran articulates the basis of his claim as a disagreement with changes in the medications he is being given.

> "Then came a new Doctor who advised me no more pain medications
> (orders from C.N.M.C.F. Main Directors and Doctors.) So they
> changed my "Vicodon" medication to M.S. Cotton's #60. This
> medication made me sleepy-sick and it messed my stomach up,
> so I asked Doctor to change it. He did and he gave me (Tramadol
> #am #pm). This medication hasn't worked and nothing more is
> or has been done about pain. 6 months ago, W.N.M.C.F. Doctor
> Birdsong advised me new state law (no more pain medications) so
> she stopped Tramadol medication. She changed it to Gabapentin
> "New Rotten", and Indomethacin. All these medications do is
> make me sick and mess my stomach up." [1]

*See* Doc. 1 at 28-31. The specific allegations in the record show that Duran disagrees with various decisions relating to his medical care and treatment. The allegations, however, do not state a plausible claim that Defendants were deliberately indifferent to Duran's medical needs. *Twombly,* 550 U.S. at 570. The alleged facts do not show that Defendants both knew of

---

[1] Duran's allegations appear to refer to Vicodin, MS Contin, and Tramadol, opioid pain medications, Gabapentin (under the brand name Neurontin), a non-opioid pain medication, and Indomethacin, a non-steroidal anti-inflamatory medication. *See* Doc. 1 at 24.

Plaintiff Duran's symptoms and recklessly chose to disregard them. *Martinez v. Beggs*, 563 F.3d at 1089. Instead, the facts establish that Duran seeks to be given his choice of pain medications and treatment rather than the alternatives chosen by the prison health care providers. The record shows no more than a difference of opinion between the prison's medical staff and Duran as to his treatment. Duran's allegations of differences of opinion with his health care providers do not state a plausible claim of Eighth Amendment cruel and unusual punishment. *See, e. g.*, *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222.

The Court will dismiss the amended Complaint for failure to state a claim under the 28 U.S.C. § 1915(e)(2)(B) standard and without leave to amend. Duran has already been given the opportunity to file an amended Complaint and the Court determines that because his specific allegations reflect no more than a disagreement as to his treatment, allowing a further opportunity to amend would be futile. The Court will also deny Duran's Motion for Appointment of Counsel (Doc. 25) and Duran's First Request for Production of Documents (Doc. 26) as moot in light of the Court's dismissal of the amended Complaint.

**IT IS ORDERED** that Plaintiff Duran's Motion for Appointment of Counsel (Doc. 25) and Plaintiff's First Request for Production of Documents. (Doc. 26) are **DENIED**; the amended Complaint filed by Plaintiff Jake Duran on April 4, 2016 (Doc. 24) is **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B); and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE